# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 16, 1897.

## WILLIAM C. DORSEY
### VS.
## VIRGINIA B. HEINZERLING.

*Edward C. Eichelberger* and *W. H. DeC. Wright* for plaintiff.

*S. Gross Horwitz* for defendant.

HARLAN, C. J.—

Upon an application of the defendant to have taxed as part of the costs of the case the charges of a commissioner who took the depositions of a witness which were not used at the trial, because of the ability of the witness to appear in person, the right of the party procuring the commission to have costs in such case being hitherto undetermined, HARLAN, C. J., in a written opinion filed Saturday, adjudged that the costs must be awarded to the defendant as part of the legitimate costs of the case. Say the Court: "This case is before me under an application to review the taxing of costs, and to have included therein the fees paid to the commissioner for taking the depositions of Louis B. Packie, which depositions were regularly taken on application of the defendant, by one of the standing commissioners of this Court, and by him returned and filed with the clerk on February 19, 1895. At the time the deposition was taken Packie was sick, and it is not suggested that it was not a reasonable precaution for defendant to have sought to perpetuate his testimony.

No question of informality in the taking of the deposition is raised. Counsel for each party was present, and the witness was regularly examined and cross-examined. Nor is any question made as to the amount of the commissioner's charges. But when the case came on for trial the witness Packie was able to appear in Court, and, notwithstanding plaintiff's offer to have his deposition read in evidence, the defendant called Packie to the stand, and he was examined as a witness before the jury. Does the fact that the deposition was *unused* at the trial prevent the defendant from having the fees for taking it taxed in the costs? This is the sole question for determination.

The statute law of the State in Article 35 of the Code of Public General Laws, title, Evidence, provides, Sec. 17, for the appointment of commissioners by the common law Courts to take depositions, declares Sec. 19, that the deposition of any witness, taken as this was, shall "be used as testimony on the trial of such action, in case only of the death of such witness or on proof to the satisfaction of the Court of the inability of the party to procure the attendance of such witness at the time of trial, and the probable continuance of such inability until and at the next term of Court;" and directs, Sec. 26, "the several Courts of law in this State shall, from time to time, prescribe what fees shall be allowed to the commissioners for their services authorized herein, which shall be paid by the party requiring the performance of the service, and taxed as other costs in the action."

It cannot be denied that the services of the commissioner in taking this deposition were "services authorized" in the said article. The fees for these services are to be "paid by the party requiring the performance of the service and taxed as other costs in the action."

The statute, although contemplating and indeed providing that the depositions authorized to be taken are to be used only in event that the witness cannot be produced at the trial, directs that the fees paid for the services of the commissioner are to be taxed as other costs in the action. It contains no exception such as "provided the deposition shall be used at the trial;" and there is no rule of construction which

would justify the Court in adding any such proviso or exception. It was evidently the intention of the lawmakers to include these disbursements, whether the depositions be used or not, among those necessary expenses of litigation that should be finally borne by a plaintiff who was adjudged to have wrongfully dragged the defendant into Court, or by a defendant who had made it necessary for the plaintiff to enforce his rights at law.

A like ruling to that here made will be found in Gulf, &c., Ry. Co. vs. Evanside, 61 Tex. 3. I rest my judgment, however, entirely upon the express and unqualified direction of our statute, and being clearly of opinion that the fees paid the commissioner for taking the unused deposition should, under it, be taxed in the costs, it will be so ordered."